PROB 12B
(7/93)

Report Date: June 2, 2006

## United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 05 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Reginald E. Anderson   Case Number: 2:01CR00127-001

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle

Date of Original Sentence: 08/06/2002   Type of Supervision: Supervised release

Original Offense: Distribution of Over 5 Grams of Cocaine Base, 21 U.S.C. § 841(a)(1); Possession With Intent to Distribute and Distribute Over 5 Grams of Cocaine Base, 21 U.S.C. § 841(a)(1); Conspiracy to Possess With Intent to Distribute and Distribute Over 50 Grams of Cocaine Base, 21 U.S.C. § 846

Date Supervision Commenced: 08/02/2005

Original Sentence: Prison - 46 months; TSR - 60 months

Date Supervision Expires: 08/01/2010

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

19   You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

### CAUSE

Mr. Anderson was released from the Bureau of Prisons (BOP) on August 2, 2004. The Central District of California (CD/CA) accepted supervision of this case and the BOP released the offender to the CD/CA.

Reginald Anderson has a history of substance abuse as outlined in the presentence investigation report. He also indicated that his mother sold cocaine base and smoked cocaine and marijuana. As a result, continued drug testing appears warranted in this case.

The United States Ninth Circuit Court of Appeals finding in U.S. v. *Stephens* (9th cir.2005), limits the probation officer to three random drug tests, pursuant to 18 U.S.C. § 3583(d), unless the Court sets the maximum number of tests. However, this offender's history warrants continued monitoring for the possible return to illicit drug usage, it also provides intervention if needed, and reduces the potential risk to the community.

Prob 12B
**Re: Anderson, Reginald E
June 2, 2006
Page 2**

Prior to the *U.S. v. Stephens* case, the CD/CA policy was to transition offenders through drug aftercare treatment programs that included random drug testing by the United States probation officer (USPO). However, this testing program has ceased in the CD/CA, in response to the *Stephens* decision.

As a result, the USPO in the CD/CA is recommending that the Court set the maximum number of tests for up to six tests per month, pursuant to the Eastern District of Washington's (ED/WA) policy. The offender agreed to waive his rights to a hearing. He signed the Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision on April 27, 2006.

It should be noted that the offender has successfully completed outpatient treatment services with the CD/CA contracted vendor. As a result, it appears that this is an appropriate request to modify Mr. Anderson's conditions of supervised release. It is respectfully recommended that the Court modify Reginald Anderson's conditions to include that he submit up to six urinalysis tests per month.

Respectfully submitted,

by  *[signature]*

Brenda J. Kuest
U.S. Probation Officer
Date: June 2, 2006

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
FVS [X] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*

Signature of Judicial Officer

June 2, 2006
Date